UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARL E. KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:03 CV 154 LMB |
| ) | |
| BILL HEATON, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Complaint of plaintiff Carl E. Keller on his civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Bill Heaton, Edna Crane, and Jane Doe #1. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act. Presently pending before the court is Defendant Bill Heaton's Motion to Dismiss Plaintiff's Complaint, along with a Memorandum in Support. (Documents Number 28, 29).

In his motion to dismiss, Defendant Bill Heaton states that plaintiff was released from the Missouri Department of Corrections on April 15, 2005, and has not filed a change of address with the court. Defendant states that plaintiff contacted defendant's counsel and provided a telephone number and address, at which time he also refused to appear for his deposition. Defendant further states that the telephone number and address that plaintiff provided to defendant are inaccurate. Defendant thus requests that the court dismiss plaintiff's complaint for failure to notify the court of his correct address in violation of the local court rules. See E.D. Mo. L.R. 2.06 (B).

Rule 2.06 (B) provides in part:

> If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

Id.

On November 28, 2005, the court issued an order directing plaintiff to show cause within twenty days of the date of the order why this action should not be dismissed without prejudice for failure to provide the court with a current address. (Doc. No. 30). On December 23, 2005, plaintiff filed a response to the court's order to show cause. (Doc. No. 31). In his response, plaintiff states that he notified defendants of his address through his parole officer, Joe Jones. Plaintiff informs the court that his new address is 2801 E. Division, #28, Springfield, MO, 65803. Plaintiff further states that, due to the conditions of his parole, he has not been able to access information related to his case. Being so advised, the undersigned declines to dismiss plaintiff's Complaint at this time.

In his response to the court's show cause order, plaintiff requests that the court appoint counsel to represent him in this matter. Plaintiff has filed two previous motions for appointment of counsel, which the court denied. The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. See In re Lane, 801 F.2d 1040, 1044 (8th Cir. 1986). In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). In addition, the court should consider the factual complexity,

the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues.  See Williams v. Johnson, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for plaintiff at this point in the litigation.  Plaintiff's motion for appointment of counsel will be denied without prejudice. "Without prejudice" means that plaintiff may later ask for appointment of counsel if he feels it is necessary.

Plaintiff also requests that the court continue this action. Plaintiff provides no explanation as to why this action should be continued. Thus, plaintiff's request to continue this action will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bill Heaton's Motion to Dismiss Plaintiff's Complaint (Doc. No. 28) be and it is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc. No. 31) be and it is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to continue (Doc. No. 31) be and it is **denied**.

Dated this  10th  day of March, 2006.

                                            LEWIS M. BLANTON
                                            UNITED STATES MAGISTRATE JUDGE